IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| T. J. WILLIAMS, § | | |
| TDCJ-CID #921940 § | | |
| V. § | | C.A. NO. C-05-411 |
| § | | |
| E. KENNEDY, McCONNELL UNIT § | | |

### ORDER OF DISMISSAL WITHOUT PREJUDICE
### AND ORDER VACATING COLLECTION ORDER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. For the reasons stated herein, plaintiff's action is dismissed without prejudice for failure to exhaust available administrative remedies. The collection order entered in this case is vacated.

**I.     JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.    FACTUAL BACKGROUND**

Plaintiff, a prisoner currently incarcerated at the Connally Unit in Kennedy, Texas, filed this action against Eileen Kennedy, alleging that she violated his constitutional rights by failing to protect him from harm at the hands of another inmate. On March 2, 2005, at the McConnell Unit, plaintiff was attacked by an inmate without warning. His nose was broken and his skull fractured. Plaintiff alleged, during an evidentiary hearing held on January 4, 2006, that defendant Kennedy admitted that she was aware, before plaintiff was attacked, that the attacking inmate had made threats against plaintiff. Plaintiff alleges that defendant Kennedy failed to act to protect him after she had knowledge of the threats.

## III. DISCUSSION

### A. Exhaustion.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner must exhaust administrative remedies for lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002). Exhaustion applies regardless whether the prisoner may obtain the type of relief sought in the state's administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The purpose of the exhaustion requirement is to alert jail officials of problems so that the jail has a chance to address the claims before they reach federal court. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." Booth, 532 U.S. at 737.

In the Texas Department of Criminal Justice–Correctional Institutions Division, inmates follow a two-step process to exhaust their remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998); TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Administrative Directive No. AD-03.82 (rev. 3) (Aug. 1, 2002). An inmate must proceed through all available steps in the institutional system. Wright, 260 F.3d at 358.

"'Dismissal under § 1997e is made on pleadings without proof. In other words, '[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the

record does not form the basis for dismissal.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam) (quoting Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998), cert. denied, 526 U.S. 1133 (1999)).

**B.     Analysis.**

Plaintiff admitted in his complaint and during an evidentiary hearing that he failed to exhaust his administrative remedies.  He stated that he had no knowledge of the exhaustion requirement, and that a prior brain injury makes it difficult for him to remember things.  Plaintiff's complaint must be dismissed without prejudice for failure to exhaust.  Plaintiff will have ample time to re-file his complaint after exhausting his administrative remedies, because he still has more than one year left of his two-year limitation period.

### Conclusion

Based on the forgoing, plaintiff's complaint is dismissed without prejudice for failure to exhaust.  The collection order entered on November 8, 2005, is vacated.

The Clerk shall send a copy of this order to TDCJ-Office of General Counsel, Post Office box 13084, Austin, Texas 78711.

ORDERED this 4th day of Janaury, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE